IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN K. LYNCH,<br><br>      Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br><br>      Defendant,<br><br>vs.<br><br>HARSCO CORPORATION;<br><br>      Third Party Defendant. | 8:18CV277<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on plaintiff's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 50. Plaintiff contends that the Third- Party Defendant Harsco Corp., was, at the time of plaintiff's injury, an agent of defendant. This lawsuit was brought pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§51-60, et seq.

      Plaintiff was employed as a "pad layer" on a Harsco Rail Renewal System (RRR) machine on Union Pacific Railroad Co. Steel Gang 8501 near Tehachapai, California. While working, a rail jerked up and struck plaintiff's hand, causing injuries to his hand and wrist. Filing No. 1. Defendant denies any negligence on its part. Thereafter, defendant filed a third-party complaint against Harsco Corporation. Filing No. 24. Defendant alleges that Harsco provides railroad track maintenance equipment and services to the railroads, including the equipment at issue in this lawsuit. Defendant alleges that Harsco is

1

negligent and states it is entitled to indemnification and contribution from Harsco for any judgment or recovery by plaintiff against it. Harsco denied any and all liability.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting Celotex, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting Celotex, 477 U.S. at 324).

"A genuine dispute of material facts exists when "factual issues . . . may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250

2

(1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251. In the summary judgment context, the Court views the facts and draws all reasonable inferences in favor of the nonmoving party. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson,* 643 F.3d at 1042; *see Anderson,* 477 U.S. at 255.

In its motion for summary judgment, plaintiff contends that Harsco is an agent of Union Pacific. In *Sinkler v. Missouri Pacific Railroad*, 356 U.S. 326 (1958), the United States Supreme Court held that "[w]hen a railroad employee's injury is caused in whole or in part by the fault of others performing, under a contract, operational activities of his employer, such others are 'agents' of the employer within the meaning of § 1 of Federal Employers' Liability Act.'

Defendant asks the Court "to hold as a matter of law that the replacement of pads on concrete ties being performed by Harsco's Rail Recovery System machine was an operational activity of Defendant Union Pacific Railroad." Filing No. 51 at 10. Both Harsco and defendant, on the other hand, asks this Court to find that Harsco is an independent contractor under an Agreement between the parties. Filing No. 52-2. Defendant argues that only limited discovery has been conducted. Defendant Contends that *Sinkler* requires that for one to be an agent, the party must (1) have a contractual agreement with the railroad; and (2) perform operational activities of the railroad. Defendant contends that there are material facts in dispute as to the relationship of the defendant and Harsco.

Those facts in dispute include whether Harsco was performing the "operational activities" of the defendant.

The Court agrees with the defendant. It is too early in this case to determine the relationship between Harsco and Union Pacific and to decide whether Harsco is an agent or an independent contractor. The Court finds that more time is needed to fully develop this record. There are questions of material fact still being developed, and depositions have not begun. Accordingly, the Court will deny plaintiff's motion for partial summary judgment.

THEREFORE, IT IS ORDERED THAT plaintiff's motion for summary judgment, [Filing No. 50](), is denied.

Dated this 7th day of October 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge